IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| LATISHA MEADOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.:2:19-cv-00027 |
| ) | JURY DEMAND |
| STANLEY BLACK & DECKER, INC., ) | |
| Individually and d/b/a DEWALT INDUSTRIAL ) | |
| TOOL CO., BLACK & DECKER (U.S.) INC, ) | |
| Individually and d/b/a DEWALT INDUSTRIAL ) | |
| TOOL CO., and DEWALT INDUSTRIAL ) | |
| TOOL CO., ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS STANLEY BLACK & DECKER, INC. AND BLACK & DECKER (U.S.) INC.

Defendants Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc. submit the following answer to the complaint filed against them. The defendants would show that there is no legal entity known as "Dewalt Industrial Tool Co." as alleged in the complaint. "Dewalt Industrial Tool Co." is a trade name used by Black & Decker (U.S.) Inc.

### AFFIRMATIVE DEFENSES

Without conceding the burden of proof as to any issue, defendants assert the following affirmative defenses in order to preserve their right to assert the defenses at trial and avoid waiver of any defenses.

FIRST DEFENSE

The plaintiff's claims are barred by the applicable statutes of limitations and repose including but not limited to T.C.A. § 29-28-103.

## SECOND DEFENSE

The percentage of comparative fault attributable to the plaintiff bars any recovery.

## THIRD DEFENSE

The defendants are not responsible for any fault attributable to the plaintiff's employer Fleetwood Homes, any unknown co-workers or any unknown third parties whose identities, acts and/or omissions may be revealed through discovery.

## FOURTH DEFENSE

To the extent applicable, defendants rely upon the defense of misuse of the product and unforeseeable or abnormal use and alteration of the product.

## FIFTH DEFENSE

The defendants deny they owed any duty to the plaintiff.

## SIXTH DEFENSE

The defendants rely upon the defendants' compliance with applicable standards and the state of the art if, in fact, either of the defendants manufactured, designed and/or sold the product in question.

## SEVENTH DEFENSE

The complaint fails to state a claim upon which some or all of the relief sought may be granted including, but not limited to, the plaintiff's Consumer Protection Act claims.

## EIGHTH DEFENSE

The defendants rely on all defenses available under T.C.A. § 29-28-101, *et seq.*

ANSWERING THE NUMBERED PARAGRAPHS OF THE COMPLAINT, THE DEFENDANTS STATE AS FOLLOWS:

1. The defendants have insufficient information to form a belief as to the truth of the averments of this paragraph and therefore neither admit nor deny the same.

2. It is admitted that Stanley Black & Decker, Inc. does design, manufacture, inspect, test, distribute, market and sell tools for woodworking; however, Stanley Black & Decker, Inc. does not manufacture, design, inspect, test, distribute, market or sell any DeWalt miter saws. The averments pertaining to this defendant's agent for service of process are admitted.

3. It is admitted that Black & Decker (U.S.) Inc. does design, manufacture, inspect, test, distribute, market and sell tools for woodworking including DeWalt miter saws. However, the defendants have insufficient information to form a belief as to whether the saw referred to in the complaint is a DeWalt saw or whether Black & Decker (U.S.) Inc. was involved in any connection with the manufacture or sale of the saw. The averments pertaining to this defendant's agent for service of process are admitted.

4. Denied.

5. Any responses hereinafter on behalf of "defendants" are responses on behalf of Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc. There is no legal entity known as "Dewalt Industrial Tool Co." as alleged in the complaint.

6. It is admitted that jurisdiction and venue are proper in the U.S. District Court based on the allegations of the complaint. The defendants have insufficient information to form a belief as to the truth of the remaining factual averments of this paragraph and therefore neither

admit nor deny the same. The defendants deny manufacturing or placing into the stream of commerce any dangerous or defective product.

7-9. The defendants have insufficient information to form a belief as to the truth of the averments of these paragraphs and therefore neither admit nor deny the same.

10-19. The defendants have insufficient information to form a belief as to the truth of the factual averments of these paragraphs and therefore neither admit nor deny the same. The defendants deny manufacturing or placing into the stream of commerce any dangerous or defective product. The defendants deny that the product in question failed, malfunctioned or failed to function properly as a result of any act or omission on their parts.

20-21. The defendants have insufficient information to form a belief as to the truth of the factual averments of these paragraphs and therefore neither admit nor deny the same.

22-24. Stanley Black & Decker, Inc. does design, manufacture, inspect, test, distribute, market and sell tools for woodworking; however, Stanley Black & Decker, Inc. does not manufacture, design, inspect, test, distribute, market or sell any DeWalt miter saws. Black & Decker (U.S.) Inc. does design, manufacture, inspect, test, distribute, market and sell tools for woodworking including DeWalt miter saws. However, the defendants have insufficient information to form a belief as to whether the saw referred to in the complaint is a DeWalt saw or whether Black & Decker (U.S.) Inc. was involved in any connection with the manufacture or sale of the saw. The defendants deny that these paragraphs contain complete and accurate statements of any duties they may have owed and because the source of the saw in question is unknown, neither admit nor deny the same.

25-27. Denied.

28-29. The defendants have insufficient information to form a belief as to the truth of the factual averments of these paragraphs and therefore neither admit nor deny the same.

30. Stanley Black & Decker, Inc. does design, manufacture, inspect, test, distribute, market and sell tools for woodworking; however, Stanley Black & Decker, Inc. does not manufacture, design, inspect, test, distribute, market or sell any DeWalt miter saws. Black & Decker (U.S.) Inc. does design, manufacture, inspect, test, distribute, market and sell tools for woodworking including DeWalt miter saws. However, the defendants have insufficient information to form a belief as to whether the saw referred to in the complaint is a DeWalt saw or whether Black & Decker (U.S.) Inc. was involved in any connection with the manufacture or sale of the saw. The defendants deny that these paragraphs contain complete and accurate statements of any duties they may have owed and because the source of the saw in question is unknown, neither admit nor deny the same.

31. Denied.

32. The defendants have insufficient information to form a belief as to the truth of the factual averments of this paragraph including whether either defendant manufactured or sold the product in question and, therefore, neither admit nor deny the same.

33. The defendants have insufficient information to form a belief as to the truth of the factual averments of this paragraph including whether either defendant manufactured or sold the product in question and, therefore, neither admit nor deny the same.

34. Denied.

35-37. Stanley Black & Decker, Inc. does design, manufacture, inspect, test, distribute, market and sell tools for woodworking; however, Stanley Black & Decker, Inc. does not

manufacture, design, inspect, test, distribute, market or sell any DeWalt miter saws. Black & Decker (U.S.) Inc. does design, manufacture, inspect, test, distribute, market and sell tools for woodworking including DeWalt miter saws. However, the defendants have insufficient information to form a belief as to whether the saw referred to in the complaint is a DeWalt saw or whether Black & Decker (U.S.) Inc. was involved in any connection with the manufacture or sale of the saw. The defendants deny that these paragraphs contain complete and accurate statements of any duties they may have owed and because the source of the saw in question is unknown, neither admit nor deny the same.

38-42. Denied.

43-46. The defendants have insufficient information to form a belief as to the truth of the factual averments of these paragraphs including whether either defendant manufactured or sold the product in question and, therefore, neither admit nor deny the same.

47-48. Denied.

49. Denied.

50-52. The defendants have insufficient information to form a belief as to the truth of the factual averments of these paragraphs and therefore neither admit nor deny the same.

53-58. Denied.

Defendants deny they are liable to plaintiff in any amount under any theory. Defendants demand a jury of the maximum number of jurors permissible.

/s/ William B. Jakes, III
**WILLIAM B. JAKES, III, #10247**
**HOWELL & FISHER, PLLC**
3310 West End Avenue, Suite 550
Nashville, Tennessee 372030
(615) 244-3370
*Attorneys for Defendants Stanley Black & Decker, Inc. and Black & Decker (U.S.) Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 2, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

David J. Weissman
Raybin & Weissman, PC
Fifth Third Center
424 Church Street, Suite 2120
Nashville, TN  37219
dweissman@nashvilletnlaw.com

/s/ William B. Jakes, III
**WILLIAM B. JAKES, III**

7