UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| LATISHA MEADOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00027 |
| ) | |
| STANLEY BLACK & DECKER, INC., ) | |
| Individually and d/b/a DEWALT ) | |
| INDUSTRIAL TOOL CO., BLACK ) | |
| & DECKER (U.S.) INC, Individually ) | |
| and d/b/a DEWALT INDUSTRIAL ) | |
| TOOL CO., and DEWALT ) | |
| INDUSTRIAL TOOL CO., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Latisha Meador was *allegedly* injured while *allegedly* using an *allegedly* defective miter saw that was manufactured by Black & Decker (U.S.), Inc. ("Black & Decker"). The Court intentionally italicizes the word "allegedly" in the previous sentence because, even though this matter is now before the Court on Black & Decker's Motion for Summary Judgment (Doc. No. 21), Meador simply relies on the allegations in her unverified Complaint in an effort to defeat that motion. This approach is generally appropriate in response to a Motion to Dismiss under Rule 12(b)(6) where "[t]he complaint is viewed in the light most favorable to [plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [plaintiff's] favor." Gavitt v. Born, 835 F.3d 623, 639–40 (6th Cir. 2016). It is entirely inappropriate, however, in defending a motion for summary judgment under Rule 56 where "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio

1

Corp., 475 U.S. 574, 587 (1986) (quoting Fed. Rule Civ. Proc. 56(e)); see also, Sierra Club v. EPA, 793 F.3d 656, 662 (6th Cir. 2015) (noting that, at the motion to dismiss stage, general factual allegations are sufficient but summary judgment requires identification of specific facts).

The following are Black & Decker's Statement of Undisputed Material Facts and Meador's responses thereto:

1. Plaintiff Latisha Meador alleges that on March 27, 2018 she was injured while using an industrial miter saw in the course and scope of her employment with Fleetwood Homes in Macon County, Tennessee (Complaint, ¶ 7.)

RESPONSE:

**Admitted, for summary judgment purposes only.**

2. Ms. Meador alleges that the miter saw was manufactured by Black & D (Complaint, ¶ 8.)

RESPONSE:

**Admitted, for summary judgment purposes only.**

3. Ms. Meador has asserted claims based on theories of negligence, strict liability and violation of the Tennessee Consumer Protection Act (Complaint, sections 3IV, V, and VI4.)

RESPONSE:

**Admitted, for summary judgment purposes only.**

4. There were no design or manufacturing defects in the subject miter saw at the time the miter saw left B & Ds' control. (Affidavit of Thomas Bodine.)

RESPONSE:

**Denied. Plaintiff has alleged the saw malfunctioned during ordinary use and caused her injuries. (Complaint, Paragraph 15)**

5. The subject miter saw was manufactured in accordance with all generally recognized industry standards, rules, and regulations applicable to manufacturers of

power tools and specifically complied with Underwriters Laboratories Standard 987. (Affidavit of Thomas Bodine.)

RESPONSE:

**Denied. Plaintiff has alleged that the saw malfunctioned during its operation and caused her injuries. (Complaint, Paragraph 15)**

6. The saw was neither defective nor unreasonably dangerous when it left B & D's hands. (Affidavit of Thomas Bodine.)

RESPONSE:

**Denied. Plaintiff has alleged that the saw malfunctioned during its operation and caused her injuries. (Complaint, Paragraph 15)**

7. There is no evidence that defendant has committed any unfair or deceptive trade practice. (Meador deposition, pp. 55-57, 164-166.)

RESPONSE:
**Admitted.**

(Doc. No. 29 at 1-3).

In response to Black & Decker's critical assertions that (1) the there was no design or manufacturing defect in the miter saw, (2) the saw was manufactured in accordance with industry standards, and (3) the saw was neither defective nor reasonably dangerous, all of which are supported by an affidavit from a Black & Decker engineer who examined the saw at issue, Meador presents no contrary facts or conclusions and, instead, relies on the *allegations* in her Complaint. But, as the Supreme Court has repeatedly held, "a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); First National Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 290 (1968).

Meador's response brief is no better. After acknowledging that, "[u]nder Tennessee law,

3

establishing a prima facie products-liability claim requires that 'the plaintiff must show: (1) the product was defective and/or unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer's control, and (3) the plaintiff's injury was proximately caused by the defective product,'" Sigler v. American Honda Motor Co., 532 F. 3d 469 at 483 (6th Cir. 2008), Meador writes:

> Plaintiff has alleged a DeWalt miter saw which she was using 'jumped' during its operation, causing her significant injuries to her arm and hand. The miter saw is not an industrial type saw but rather is the same saw sold by many home improvement stores directly to both professional and non-professional consumers. The consumer expectation test is appropriate for products such as this where regular use by consumers and the familiarity of the product's performance by consumers is sufficient to allow consumers to form reasonable expectations of the product's safety.
>
> Furthermore, Plaintiff was operating the miter saw in the same manner as she had for years. She has significant experience using the saw and is familiar with how to safely operate the saw. Plaintiff's testimony that the saw 'jumped' during normal operations establishes that the saw operated below the reasonable minimum safety expectations of the ordinary consumer having common knowledge as to its operation and characteristics. Having established that there is question of fact, it is for the jury to discern whether the product meets ordinary expectations as to its safety under the circumstances presented by the evidence.

(Doc. No. 28 at 3-4).[1]

"Plaintiff's testimony" is presumably a reference to deposition testimony, as opposed to testimony in another proceeding or at a hearing. The testimony may even support her *allegations*. However, this Court is not obligated to scour the record looking for kernels of truth. See Finley v. Kelly, 384 F. Supp. 3d 898, 908 (M.D. Tenn. 2019) (noting that the Court is not like a boar "hunting for truffles," or "a gold prospector looking for nuggets"). And even if the Court were inclined to go rooting, it could not do so because Meador's deposition is not even a part of the record. The only

---

[1] Meador concedes that "there are insufficient facts to support [her] claims under the Tennessee Consumer Protection Act." (Id. at 4).

4

deposition testimony before the Court are excerpts provided by Black & Decker that show Meador never saw advertisements for the saw; heard or saw any representations about the saw; did not know who manufactured, designed, assembled, or sold the saw; did not read any instructions for the saw; and never saw anything indicating the saw's standard, quality, or grade. (Doc. No. 21-2, Meador Dep. at 55-57, 164-166). Perhaps most startling is Meador's admission that she had never even looked at the complaint that was filed on her behalf, which might explain why she was clueless when asked about the *allegations* regarding misleading advertising. (Id. at 164, 166).

In fairness to Meador's counsel, the deficiencies in the response to the Motion for Summary Judgment may partly be due to a breakdown in communication between lawyer and client. In fact, counsel filed a Motion to Withdraw (Doc. No. 19) on February 3, 2020, in which he claims to have attempted to contact Meador by phone, mail, and email but had not received any response since the middle of November 2019. If true, that falls on Meador because it is incumbent on a plaintiff to prosecute his or her claim. See Fed. R. Civ. P. 41(b).

Regardless, this Court's Local Rules provide that "[o]rdinarily counsel will not be allowed to withdraw if such withdrawal will delay trial or other pending matters in the case." L.R. 83.01(g). When the Motion to Withdraw was filed, the deadline for plaintiff's expert disclosures had run and discovery was closed. The Court now has before it a fully (albeit poorly) briefed motion for summary judgment. If the Court were to allow counsel to withdraw, there would be a delay in order to allow new counsel to be retained. Assuming that happens, new counsel would likely seek to reopen discovery, extend the deadline for expert disclosures, and Black & Decker would likely have to file a new motion for summary judgment.

The Federal Rule of Civil Procedure are "to be construed, administered, and employed by

the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  It would violate the spirit if not the letter of that rule to allow counsel to withdraw in these circumstances, particularly because  Black & Decker has been called upon to defend a case in which the plaintiff did not even bother to read the complaint before it was filed.

Accordingly, Black & Decker's Motion for Summary Judgment (Doc. No. 19) is hereby **GRANTED**, and Meador's claims are **DISMISSED WITH PREJUDICE.**  Meador's Motion to Withdraw as Attorney (Docket No. 19) is **DENIED.**

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE